# FRANKLIN COUNTY.

## January Term, 1837.

Present, Hon. STEPHEN ROYCE,
" SAMUEL S. PHELPS, } *Assistant Justices.*
" JACOB COLLAMER,
" ISAAC F. REDFIELD,

### Mary Sisco *v.* Lathrop Harmon.

Franklin,
January,
1837.

A prosecution, under the statute, may be sustained by the overseer of the poor, against the putative father of a bastard child, in the name of the mother, though said mother, after the birth of said child, was married, and at the time of the prosecution, was a *feme covert*, her husband joining in said prosecution, by joining with her in the written request and prayer for the warrant.

In prosecutions for bastardy, the practical construction of the statute has been to permit copies of the proceedings, before the magistrate, to be used in the county court. And this *seems* to be the proper course. But *this* court, as a court of error, has nothing to do with this question, as it is purely a matter of practice, to be regulated by the county court, by its own rules.

This was a prosecution for bastardy. The complaint was as follows :

" To Joel Barber, jun., one of the justices of the peace, within and for the county of Franklin, comes Mary Sisco, now " wife of Erin Sisco of Fairfield, in said county, late Mary " Bickford, and, on oath, and in writing, complains, informs, and " gives said justice to understand, that on or about the first day " of September, 1834, at Fairfield aforesaid, one Lathrop Har- " mon, then of Sheldon, in the county of Franklin, and now of " Windsor, in the county of Windsor, did beget a child upon the " body of the said Mary Sisco, then Mary Bickford, and a " single woman, which said child was, on the 28th day of " May, 1835, and before the inter-marriage of the said Mary,

"with the said Erin Sisco, born a bastard, and that said child is "now living, and the said Lathrop Harmon is the father of said "child.   Whereupon, she prays that warrant issue." &c.

Signed and sworn to.

Immediately following the complaint was the following :

"Franklin County, Fairfield, Sept. 16, 1835.

The undersigned, Erin Sisco, hereby represents to the said Joel Barber, jr., justice of the peace, that on the 27th day of June, 1835, he was duly and legally joined in marriage to the aforesaid Mary Bickford, and that she is now his lawful wife, and that he unites with her in the prayer that a warrant, in due form of law, go forth against the said Lathrop. Harmon, to bring him before said justice, to answer to the foregoing complaint."

    (Signed.)                          ' "ERIN SISCO."

Then follows a warrant in common form, and a certificate of the overseer of the poor of Fairfield, stating that he, considering the town likely to become chargeable with the maintenance of said child, had commenced and should control the prosecution, &c. Then follows the justice's record, showing that said Lathrop was brought before him, on said warrant, and gave bond, by way of recognizance, to said Mary Sisco, for his appearance before the county court.   All this is then certified by the justice, to be a true copy of the complaint, warrant, and other proceedings.

Before the county court, the defendant filed the following motion.   "And now the said Lathrop comes and moves this honorable court, that this suit, and the proceedings therein, be dismissed, quashed, and held for nought, and he may have his cost adjudged to him, for the causes following, and for other causes, apparent on the proceedings in said suit.

1. For that said Joel Barber, jr., has certified copies of certain proceedings, had before him, as a magistrate, which copies cannot be the ground of proceedings against said defendant, in this court.

II. For that it appears by the complaint, in this case, that Mary Sisco, complainant, was a married woman, at the time she made the complaint, and the husband is not joined in the prosecution.

III. That the the recognizance was taken to Mary Sisco.

IV. That the whole proceedings are anomalous, irregular and contrary to law.

The county court, thereupon, adjudged that the proceeding

be quashed, to which the plaintiff excepted, and the case passed to the Supreme Court.

*Smith & Aldis for the plaintiff.*

I. The statute makes no provision, whether the *original* proceedings, or a *certified copy*, be sent up by the magistrate, and no good reason can be urged, why the original proceedings should have been returned to the county court, in this case, more than in civil cases, where an appeal is taken, or in criminal cases, where the respondent is bound, by way of recognizance, to appear before the county court, to answer to the charge made against him, before the magistrate. The 6 sec. of an act, establishing permanent salaries, &c., Statute, 304, makes it the duty of every justice of the peace, to make correct, true, and lawful records, of all judgments by him rendered, and *other official business by him done*, required by law to be recorded, &c. Certified copies, then, of the proceedings, and not the originals, is what the law requires to be sent up from the magistrate, to the county court.

II. In the case under consideration, the woman was *single* at the time the child was born, and could not, by an after marriage, defeat the town of their rights to prosecute in her name. A town, chargeable or likely to become chargeable, with the support of a bastard child, is authorized and empowered to prosecute in the name of the mother, and no compromise is valid, made between the mother and father, without the consent of the overseers. No act of the mother, whether it be a discharge to the father, or marrying any other man, can defeat the town of their rights against the father of the child. The legislature did not intend that a marriage of the mother, *after* the delivery, should be a discharge of the person, who is charged as the putative father. " If the woman die, or be married, *before* she be delivered, this will operate as a discharge.

III. The husband cannot, from the nature of the case, be a party to this prosecution.

The facts, which the statute requires to be set forth in the complaint, and sworn to, are such as no one but the mother can know or swear to. There is no one act, which the law requires to be done, in getting up the proceeding, or in prosecuting it, that can be done by any one but the mother.

All that the husband could do, has been done in the case. He has united with his wife in the prayer that a warrant be granted.

IV. If the recognizance could not be taken to the complainant in this case, it certainly could not be taken to any one. The statute requires the recognizance to be taken to the *said woman.*

*Smalley & Adams, for the defendant.*

I. The first objection to the proceedings is founded on a construction of the 1st section of the act, as to the duty of the magistrate. His duty, under this section, is merely ministerial to issue his warrant, and take the recognizance required, and send it to the court. Unless he is required by law to keep a record of his proceedings, he is not empowered to make a copy of them evidence, for any purpose.

The warrant and whole proceedings are void, for want of the preliminary requisites, giving the magistrate jurisdiction.

The action, being founded on a special statute, and not on general principles, is not to be favored, and cannot be sanctioned, unless the prosecutrix brings herself clearly within the act.

By the act, the proceedings must be on the oath of a *single woman ;* and all the provisions of the act are manifestly intended for a single woman. The court will not give a forced construction to the act,and undertake to afford relief on any other terms or conditions, than such as are provided by it.

The words of the act are clear, that the warrant is to issue on the charge in writing of a single woman ; and it would be quite as consistent with the letter of the act, for a magistrate to issue a warrant, on the application of an executor or administrator of the mother of an illegitimate child, as upon the application of her husband.

This question was virtually determined against the plaintiff, in the case of *Gaffery* v. *Austin,* 8 Vt. Rep. 70, For if the act is to be extended, to give a remedy for cases of bastardy, not included in the terms of the act, there would seem to be no good reason for refusing relief in the case of one born during coverture.

In England, the proceeding is a criminal prosecution, for the punishment of the offender, and the relief of the parish. *Rex* v. *Taylor,* 3 Bur. Rep. 1679. *Hill* v. *Wells,* 6 Pick. Rep. 104. And the cases in their courts are grounded on this principle, that the object of their statutes is to punish the crime of incontinence, and relieve the parish from its consequences. Hence the words of the act of 18th Eliz. " *born out of lawful matrimony*" have received a liberal construction, and have been held

to embrace all children, that can be shown not entitled to the rights of legitimacy.

III. Admitting that a married woman can prosecute a suit on this statute, still she must prosecute in the name of her husband.

IV. If Sisco and his wife have a cause of action, for his wife's illegitimate children, the suit is under his control.

As the husband takes the wife with all incumbrances, he certainly ought have the benefit of the prosecution of all rights secured to her.

V. The recognizance is void, having been taken to Mary Sisco.

The opinion of the Court was delivered by

COLLAMER, J.  The first ground of objection to this proceeding, is, that *copies* of the proceedings before the magistrate, were used in the county court, instead of the original papers. The practical construction of the statute has been, to use copies. And perhaps this is the proper course, as the recognizance, taken before the justice, is matter of record, and the original should remain with him. But with this question, this court, as a court of error, have nothing to do. It is a matter of practice, to be regulated by the county court, by its own rules. There may be many cases, where the county court may receive copies, as substitutes for originals, such as where the originals are destroyed or lost, and many others. Now to show that that court committed an error, the exceptions must show that no such state of circumstances existed, or this court will, in this case, as in all others, presume all was correctly done, until the contrary appears. For any thing, which appears in this case, the county court committed no error, in law, in receiving and acting upon copies, even if the law ordinarily required the original papers in such a case.

The main question, however, arises from the fact, that Mary Sisco was a married woman, when this prosecution was instituted. In the case of *Gaffery* v. *Austin,* decided in this court on the last winter circuit, the woman was married when the child was begotten, and the prosecution was by her alone, the overseers having no part in it. It was insisted that such an action could be sustained, if *non access* of the husband could be shown, because this could be done in England, under their statute. This the court overruled, for many reasons, and among those, which operated upon my mind, were these. In England,

the proceeding is for the punishment of incontinence, and the security of the parish. In this State, and under our statute, it is, in the first instance, in the name and behalf of the woman, to aid her in the support of the child. There the prosecution is in the name of the king, and the order is made on both the father and mother, as a criminal proceeding. Here it is entirely different; no proceeding can be had against the mother. There the woman, in testifying to her adultery, subjects herself to no civil penalties. Here, adultery is a deeply criminal offence. To sustain such a prosecution by a married woman, even with her husband, would open the door for such prosecutions, to compel contribution for the support of all children, begotten and born in lawful wedlock; and that, too, in behalf of parents, bound by law for their support. To sustain it, in her behalf alone, without the joinder of her husband, if the judgment was against her, would subject her to imprisonment for costs, in violation of the marital rights of the husband.

This is entirely a different case. It is not a suit by the woman alone. It is not to bastardize a child, begotten or born in lawful wedlock. It does not require the woman to criminate herself, on oath, to sustain it, nor can any judgment or order, which may be made in it, be for the relief of the husband, as he is not, by law, bound to maintain this child of his wife. 4 T. R. 118. It is obvious then, that this is entirely a different case, and clear of all the great difficulties and objections in the other case.

It is, however, insisted that the statute is entirely confined to the case of a *single woman,* and that she must not only be such when the child was begotten and born, but at the time of the prosecution.

The object and purpose of this act are very obvious. It is to compel contribution from the putative father of a bastard child, that is, *one begotten and born out of lawful wedlock,* (1 Bla, Com. 454,) in aid of the mother or the town, which is bound to its support. Such a construction should be put on the statute as will effect this object, if this can be done without violence to its expressions, and so far as will not compromit legal principles, or put in jeopardy other great legal rights. The statute provides " That when any single woman shall be delivered of any bas-" tard child, or shall declare herself to be with child, and that " such child is likely to be born a bastard; and shall, in either

Franklin,
January,
1837.

Sisco
v.
Harmon.

"case, charge any person, in writing, and on oath, with having "gotten her with child, and being the father of said child," &c. Now to what does the term, *single woman*, apply ? To what, *point of time* does it refer, in these proceedings? There are two states of circumstances here mentioned, in either of which the proceeding may be taken, to wit, a single woman must have been delivered of a bastard child, or a single woman must, on oath, declare herself to be with child. In the nature of the thing, then, if proceedings are taken, that is, if the complaint and oath are made in the latter case, she must not only have been a single woman, when the child was begotten, but must be still a single woman, when .she makes the oath and complaint; and this should appear. But in the former case, if a single woman has been delivered of a bastard child, there is nothing which requires that she should remain such, when the oath is made, and the proceeding is taken. Such was this case.

A further objection is made, that this complaint is by the woman only ; that her husband is not joined. This is entirely a civil proceeding, and if the prosecutrix is an infant, she must sue by guardian or *prochein amy*. *Hinman* v. *Taylor*, 2 Conn. Rep. 357.

By our statute, the prosecution is given to the mother, in the first instance. The overseers of the poor have the right to institute the suit and prosecute it, or to take the control of one, by her commenced, but, still, it must be prosecuted in the name of the woman. Such is the only form of proceeding, recognized by the statute. This was a prosecution by the overseer of the poor, and the husband did join; so far as the form of proceeding, recognized by the statute, would permit. To require more would practically defeat the object of the statute, in giving security to the town.

By the 4th Sec. the statute provides, that, if the woman marry *before delivery*, it ends the prosecution. This clearly implies, that a marriage afterwards, as in this case, will not have that effect. If a marriage is entered into before delivery, the child will be *born in lawful wedlock*, and in law, is not a bastard, and the husband is bound to its supporrt. But if the child is born before marriage, as in this case, it is a bastard, and the town, and not the husband, is bound for its support. In such case, the town is entitled to the aid from the putative father,

which the statute gives, and of this right it cannot be defeated by the marriage of the woman.

Sisoo
*v.*
Harmon.

Judgment Reversed.

Cause remanded to the County Court.

Royce, J. Dissenting.