70

## Susan Welch DeCoster v. Philip Chandler

[385 A.2d 1079]

No. 87-77

Present: Daley, Larrow, Billings and Hill, JJ. and
Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 4, 1978

*Jon C. Stahl* and *Susan F. Humphrey* of *Langrock Sperry
Parker & Stahl,* Middlebury, for Plaintiff.

*Wool and Murdoch,* Burlington, for Defendant.

**Per Curiam.** █ The trial court found that the plaintiff,
then Susan Welch, a single person, was delivered of a child
fathered by the defendant, that she has since married, and
that she brought this bastardy action as a married woman.
Defendant claims that the plaintiff's subsequent marriage
bars her from bringing this action and cites 15 V.S.A. § 331.
In the case of *Sisco* v. *Harmon,* 9 Vt. 129 (1837) at 135, this
Court held:

> [I]f a single woman has been delivered of a bastard
> child, there is nothing which requires that she should
> remain such, when the oath is made, and the proceeding
> is taken.

The statute was the same then as it is now. This Court is being asked to overrule the holding in *Sisco*. Absent compelling reasons of policy, we decline to do so.

Defendant also argues that the plaintiff is estopped from proceeding with this action. Estoppel is an affirmative defense and must be pleaded. V.R.C.P. 8(c). Even if this were a valid defense, the defendant did not so plead.

Lastly, defendant claims error in the court's finding of the child's birth by the testimony of the mother and the attending physician. He claims that under 12 V.S.A. § 1695 a plaintiff must introduce a printed birth certificate to prove the birth. 12 V.S.A. § 1695 has been superseded by V.R.C.P. 44(a), which merely permits the fact of birth to be proved by the official record of birth. It does not preclude the proof of birth by other means.

*Judgment affirmed.*